UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| IN RE: Archie Lee Roberts<br>  AKA Archie Wearing<br>    *Debtor*<br><br>Archie Lee Roberts<br> AKA Archie Wearing<br>    *Plaintiff*<br><br>   v.<br><br>Jason Jensen<br>15619 Colonial Road<br>Milford, VA 22514<br><br>    *Defendant* | Case No. 21-31661-KLP<br><br>Adv. Proc. No. _____ |

## COMPLAINT SEEKING DAMAGES FOR VIOLATION OF AUTOMATIC STAY FOR REFUSAL TO RELEASE GARNISHMENT ACTIONS IN A TIMELY MANNER

1. On May 19, 2021, the Plaintiff/Debtor commenced a voluntary case under Chapter 13 of the Bankruptcy Code, by filing a petition which has been assigned Case No.: 21-31661 in this Court. A stay was in place as of the filing of the case pursuant to 11 U.S.C. Section 301, thus triggering an automatic stay, pursuant to 11 U.S.C. Section 362(a), of all debt collection against the Debtor.

2. This Court has jurisdiction to hear this matter under 28 U.S.C §1334, because it arises in that case and is related to it. This procedure is a core proceeding.

3. The Defendant was named in Schedule F of the petition as a creditor without security or priority.

4. On or around May 25, 2021, defendant contacted the assigned chapter 7 trustee, William Broscious, by email, thereby showing that he had notice of the bankruptcy filing by that date.

5. In addition, Mr. Jensen called debtor's counsel's office shortly after the case was filed. Mr. Jensen informed her staff that he had a large claim which he believed to be nondischargeable and he made it clear at this time that he did not believe the bankruptcy law applied to him because Mr. Roberts was eligible to file a bankruptcy at all. Debtor's counsel did not speak directly to Mr. Jensen; the conversation was with counsel's paralegal.

6. Since the chapter 7 case was filed in May, there have been several telephone meetings pursuant to Section 341 of the code and Mr. Jensen has appeared at every meeting and had the opportunity to be heard. Mr. Jensen has provided information to the trustee and the trustee has requested actions of the debtor based on Mr. Jensen's requests and information which Mr. Roberts has completely complied with at all times. In addition, Mr. Jensen has filed a Complaint to Determine Dischargeability as an Adversary Proceeding related to the chapter 7 filing of Mr. Roberts in a pro se capacity which is still pending with a preliminary hearing scheduled for September 29, 2021.

7. Debtor's counsel sent a fax to Caroline County Circuit Court at the time the case was filed, giving information regarding the filing of the case and the pending garnishment filed by Mr. Jensen on November 17, 2020, before the bankruptcy was filed. Since the return date of the garnishment summons was on May 21, 2021, the matter was put on hold by the Caroline Circuit Court pending a release of the matter by the creditor. The Caroline County Circuit Court is currently holding garnishment funds in the amount of $5,152.36 which they tell debtor's counsel cannot be released to the chapter 7 trustee until Mr. Jensen takes action to release the garnishment. Mr. Jensen has been informed on more than one occasion, including through a letter sent to him by Mr. Roberts'

counsel in the pending adversary proceeding to determine dischargeability, Kimberly Chandler, on September 20, 2021, that he needs to take action to release the garnishment he filed in the Circuit Court in order to be in compliance with bankruptcy law but has refused to do so. His response to Ms. Chandler's letter was an obscene hand gesture by emoji sent to Ms. Chandler's paralegal by email.

7. Despite the vulgar response to Ms. Chandler's office, debtor's chapter 7 counsel reached out to Mr. Jensen by email on September 27, 2021, most recently, requesting that he release the garnishment so that the money being held could be sent to the chapter 7 trustee as required by law and advising him that he should seek counsel if he does not wish to release the garnishment because he may otherwise be found to be in violation of federal bankruptcy law if he does not release the garnishment.  Counsel received a reply the same day stating that he would not release the garnishment because Mr. Roberts had no right to a release no matter what bankruptcy law may say because Mr. Roberts is "ineligible" to file a bankruptcy case. Counsel responded once again imploring Mr. Jensen to seek counsel to avoid possible sanctions or loss of rights due to his unwillingness to comply with Federal Law and received an email response from Mr. Jensen which made it clear that he had no intention of seeking counsel or moving forward with a release at any time.

8. Debtor has claimed, without objection, an exemption of $908.30 under Section 34-4 of the Virginia Code, in the money now being held by Caroline County Circuit Court. Mr. Jensen's actions impair that exemption.

WHEREFORE, the Plaintiff/Debtor prays that this Court:

    a.    Declaring the Defendant guilty of civil contempt by violating the automatic stay granted herein on May 19, 2021, for his failure to timely release the

garnishments which violates the automatic stay imposed by this Federal Court upon filing of this case.

b. Awarding the Plaintiffs compensatory and punitive damages, as well as costs pursuant to 11 U.S.C. §362(k) and for contempt of court as well as award to the chapter 7 trustee for any fees or costs incurred in the administration of the estate directly related to Mr. Jensen's refusal to release the garnishment, and

c. Granting such additional relief as it deems necessary or proper.

Date: _September 28, 2021_     /s/ Ellen P. Ray
                                Ellen P. Ray
                                Attorney for Debtor
                                1701 W. Main Street
                                Richmond, VA 23220
                                Va. State Bar No. 32286
                                (804) 355-1800
                                (804) 355-1700 (fax)
                                ellenray@earthlink.net